# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>YOIRLAN TOME ROJAS,<br><br>　　　　Defendant. | No. CR14-4015-MWB<br><br>***REPORT AND RECOMMENDATION<br>ON MOTION TO SUPPRESS*** |

　　　　Defendant Yoirlan Tome Rojas has filed a motion (Doc. Nos. 53, 58) to suppress evidence.[1] I conducted a hearing today. Defendant appeared personally and with his attorney, Christopher Roth. Assistant United States Attorney Jamie Bowers appeared for plaintiff (the Government). The Government called Detective Brian Flikeid of the Storm Lake, Iowa, Police Department, as a witness to "set the record straight" about certain facts described in defendant's supporting brief (Doc. No. 53-1). However, the Government indicated that it does not resist the motion and stipulated that the following evidence should be suppressed in this case:

　　1.　The contents of defendant's wallet, which law enforcement obtained from defendant's girlfriend, Marisela Sanchez, on or about February 27, 2014.

　　2.　Any evidence gathered as a result of information located in that wallet.

Defendant's counsel agreed that this stipulation resolves all issues raised by the motion to suppress.

---

[1] The motion was originally filed on June 24, 2014, as Docket No. 53. A nearly identical document was filed on June 27, 2014, as Docket No. 58. During today's hearing, defense counsel confirmed that both documents constitute a single motion to suppress evidence.

Based on the foregoing, I RESPECTFULLY RECOMMEND that the defendant's motion to suppress (Doc. Nos. 53, 58) be **granted** and that the above-described evidence be **suppressed**.

**IMPORTANT NOTE:**  Because this case is scheduled for trial beginning September 3, 2014, objections to this Report and Recommendation must be filed by **August 11, 2014.**  Responses to objections must be filed by **August 15, 2014.**  Any party planning to lodge an objection to this Report and Recommendation must order a transcript of the hearing promptly, but not later than **August 8, 2014*, regardless of whether the party believes a transcript is necessary to argue the objection**.  If an attorney files an objection without having ordered the transcript as required by this order, the court may impose sanctions on the attorney.

**IT IS SO ORDERED.**

**DATED** this 5th day of August, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE