# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>YOIRLAN TOME ROJAS,<br><br>Defendant. | No. CR14-4015-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS** |

_____

## I.   INTRODUCTION AND BACKGROUND

On March 20, 2014, a Superseding Indictment was returned against defendant Yoirlan Tome Rojas charging him with using a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(1) (Counts 1 & 2), possession of fifteen or more counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count 3), money laundering, in violation of 18 U.S.C. § 1956(a)(1) (Count 4), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 & 6).

Defendant Rojas filed a motion to suppress in which he seeks to suppress all evidence found in Rojas's wallet. Rojas contends that his wallet was the subject of a warrantless search in violation of the Fourth Amendment of the United States Constitution. On August 5, 2014, United States Magistrate Judge Leonard T. Strand conducted a hearing on Rojas's motion to suppress. At that hearing, the prosecution indicated that it does not resist Rojas's motion and the parties stipulated that the following evidence should be suppressed:

1. The contents of defendant Rojas's wallet, which law enforcement obtained from defendant's girlfriend, Marisela Sanchez, on or about February 27, 2014.

2. Any evidence gathered as a result of information located in that wallet.

Judge Strand then filed a Report and Recommendation on the same date, in which he recommends that Rojas's motion to suppress be granted based on the parties' stipulation. Neither the prosecution nor Rojas have filed objections to Judge Strand's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the

district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Federal Rule of Civil Procedure 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I accept Judge Strand's Report and Recommendation and order that Rojas's motion to suppress is granted and the following evidence is suppressed:

> 1. The contents of defendant Rojas's wallet, which law enforcement obtained from defendant's girlfriend, Marisela Sanchez, on or about February 27, 2014.

2. Any evidence gathered as a result of information located in that wallet.

**IT IS SO ORDERED**.

**DATED** this 13th day of August, 2014.

*[Signature: Mark W. Bennett]*
_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA