# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

YOIRLAN TOME ROJAS,

Defendant.

No. CR14-4015-MWB

**ORDER REGARDING APPEAL OF MAGISTRATE'S ORDER CONCERNING DEFENDANT'S MOTION TO COMPEL**

_____

## I.    INTRODUCTION AND BACKGROUND

### A.    Procedural Background

On March 20, 2014, a Superseding Indictment was returned against defendant Yoirlan Tome Rojas charging him with using a counterfeit access device, in violation of 18 U.S.C. § 1029(a)(1) (Counts 1 & 2), possession of fifteen or more counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3) (Count 3), money laundering, in violation of 18 U.S.C. § 1956(a)(1) (Count 4), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Counts 5 & 6).

Defendant Rojas filed a motion to compel in which he seeks an order directing the prosecution to (a) reveal the identity of a confidential informant ("CI") in an ongoing investigation in Texas, (b) turn over the photograph used by the CI to identify Rojas and (c) make available the basis for a search warrant issued in Texas concerning electronic evidence.

On August 5, 2014, United States Magistrate Judge Leonard T. Strand conducted an evidentiary hearing on Rojas's motion to compel. At that hearing, the prosecution offered the testimony of Brian Flikeid of the Storm Lake, Iowa, Police Department. Rojas proffered information through his attorney, but offered no witnesses or exhibits.

On August 12, 2014, Judge Strand denied Rojas's motion to compel. However, Judge Strand did require the prosecution to make a direct inquiry of the Secret Service in Texas to determine whether their investigative file contains information that must be disclosed to Rojas pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). In the event that the inquiry resulted in the discovery of *Brady* materials, Judge Stand ordered that those materials be immediately disclosed to Rojas. Following the hearing, the prosecution complied with Judge Strand's order and made a direct inquiry of the Secret Service agent in Texas concerning the existence of *Brady* material in the Texas investigation. The prosecution subsequently notified Rojas's counsel that, as a result of its inquiry, it did not believe that the Texas investigatory materials contained any *Brady* materials.

On August 25, 2014, Rojas appealed Judge Strand's order denying his motion to compel. Rojas contends that Judge Strand's order denying his motion to compel was contrary to established law and clearly erroneous. The prosecution filed a timely resistance to Rojas's appeal on August 27, 2014.

### B.  *Factual Background*

In his order, Judge Strand made the following factual findings:

> The Storm Lake Police Department was contacted by two out-of-state victims who reported their credit cards were fraudulently charged at a Wal-Mart store in Storm Lake on September 13, 2013, and November 6, 2013. The victims still had possession of their genuine credit cards. However, their account numbers were utilized to make purchases with manufactured counterfeit cards. Officers contacted the store's

loss prevention manager and obtained surveillance videos and purchase information for the transactions at issue. According to Flikeid, the video evidence shows Tome Rojas using fraudulent credit cards linked to the victims' accounts.

Storm Lake police officers obtained and executed a search warrant for Tome Rojas's home, person and a storage locker in his apartment building. The officers found 244 manufactured counterfeit credit cards. The case was then referred to the United States Secret Service, which assigned Agent Michael Hawkins to the investigation. On February 20, 2014, the Grand Jury returned the original federal indictment (Doc. No. 1) against Tome Rojas and an arrest warrant was issued. Federal agents arrested Tome Rojas on February 27, 2014.

During the course of his investigation, Hawkins was contacted by Secret Service agents in Texas who were investigating a credit card fraud case. Those agents informed Hawkins that Tome Rojas had come to their attention, as a CI had identified him via a photograph as being a member of a credit card fraud ring. Based on the CI's reports and their own investigation, the agents in Texas obtained and executed a search warrant for an email address and other electronic evidence purportedly connected to Tome Rojas. That warrant allegedly generated evidence of an extensive credit card fraud ring, including 16-digit credit card account numbers, victim information, information about manufacturing counterfeit devices and suspect information. According to the Government, however, none of the evidence obtained through the Texas investigation forms the basis for any counts of the superseding indictment against Tome Rojas in this case. Moreover, during the hearing counsel for the Government represented that the agents in Texas are familiar with the contents of the Texas investigative file, are aware of the Government's obligation to disclose exculpatory materials and have not made counsel for the Government aware of any such exculpatory materials.

Order On Motion To Compel at 2-3. Rojas does not object to any of Judge Strand's factual findings.

## II.     LEGAL ANALYSIS

### A.     Standard Of Review

The pertinent parts of the statute and rules authorizing the powers of a magistrate judge, 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and N.D. IA. L.R. 72.1, all provide for review by a district judge of a magistrate judge's order on non-dispositive motions assigned to him or her to which objections have been filed. Where a litigant does not file a timely objection to a magistrate judge's order, triggering review by a district judge, the litigant "may not challenge the [magistrate judge's] order on appeal." *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012).

Section 636(b)(1)(A) and Rule 72(a) both specify that such review allows the district judge to modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." *See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.") (citing § 636(b)(1)(A)). Although the Eighth Circuit Court of Appeals does not appear to have clarified the meaning of "clearly erroneous" in the context of a district court's review of a magistrate judge's ruling, the appellate court's formulation of the "clearly erroneous" standard for its own review of a lower court's ruling is as follows:

> A district court clearly errs if its findings are "not supported by substantial evidence in the record, if the finding[s are] based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made."

> *Ostenfeld ex rel. Estate of Davis v. Delo*, 115 F.3d 1388,
> 1393 (8th Cir. 1997).

*Story v. Norwood*, 659 F.3d 680, 685 (8th Cir. 2011). Like other courts, I have read "contrary to law" within the meaning of Rule 72(a) and, hence, § 636(b)(1)(A)), to mean failure to apply or misapplication of relevant statutes, case law, or rules of procedure. *See United States v. Melton*, 948 F. Supp. 2d 998, 1002 (N.D. Iowa 2013) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

### B. Analysis

### 1. Identity of the CI

Rojas contends that Judge Strand erred in denying his request for disclosure of the CI in the Texas investigation. Rojas argues that the CI in the Texas investigation is more than a mere tipster and has information concerning a criminal conspiracy in Texas. Rojas hypothesizes from this that the CI has knowledge of material information in this case.

In *Roviaro v. United States*, 353 U.S. 53, 62 (1957), the United States Supreme Court recognized the prosecution's privilege to withhold the disclosure of the identity of a confidential informant. The Court declined to adopt a fixed rule for determining when disclosure was required. *Id*. at 62. Instead, the Court adopted a balancing test of "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id*. "'In a motion to compel disclosure of a confidential informant, the defendant bears the burden of demonstrating a need for disclosure.'" *United States v. Lapsley*, 334 F.3d 762, 763 (8th Cir. 2003) (quoting *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998)); *see United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *United States v. Crenshaw*, 359 F.3d 977, 1005 (8th Cir. 2004). A court must weigh "'the defendant's right to information against the government's privilege to withhold the identity of its confidential informants.'" *Lapsley*, 439 F.3d at 763-64

(quoting *United States v. Fairchild*, 122 F.3d 605, 609 (8th Cir. 1997) (quoting in turn *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991)). In determining when disclosure is appropriate, the Eighth Circuit Court of Appeals has instructed that:

> While there is no litmus test for determining when disclosure is required, we have held that perhaps the most important factor for a court in this circumstance to consider is whether the [CI's] information is material to the defense. *Harrington*, 951 F.2d at 877. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. at 878. Consequently, "disclosure is typically not required when the informant 'merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense.'" *United States v. Chevre*, 146 F.3d 622, 623 (8th Cir. 1998) (quoting *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991)).

*Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003); *see Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) ("In determining whether disclosure is required, the threshold issue is whether the informant is a material witness. Disclosure of the confidential informant is not mandated 'unless it is vital to a fair trial.'") (quoting *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)). Finally, I note that a court cannot order disclosure of the CI based on the defendant's speculation about what information the CI might provide. *See Harrington*, 951 F.2d at 877 (holding that in order to order disclosure of CI's identity, "defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case" (citation omitted)).

Here, Judge Strand's conclusion that Rojas had failed to demonstrate that the Texas CI's information is material to his defense is not clearly erroneous or contrary to law. Rojas, at best, speculates that the CI might have information that Rojas is a "victim" of a possible criminal conspiracy currently under investigation in Texas. Rojas, however, has not shown how his status as a "victim" of such a conspiracy in Texas is material to

his defense to the charges here. As Judge Strand pointed out in his order, the charges here are based exclusively on evidence obtained independently of, and unrelated to, the Texas investigation and the CI. What is more, the prosecution represents that it has no intention, and no need, to offer evidence arising from the Texas investigation or the CI in support of any of the charges. Rojas's speculation about the possible value of the CI's information is woefully insufficient to meet his burden of demonstrating that the CI's disclosure will be "material and helpful" to his defense, *Roberson*, 439 F.3d at 940 (citing *United States v. Sykes*, 977 F.2d 1242, 1245–46 (8th Cir. 1992)), or "'essential to a fair trial.'" *Crenshaw*, 359 F.3d at 1005 (quoting *United States v. Lapsley*, 334 F.3d 839, 841 (8th Cir. 2001)). Thus, Rojas's objection to this portion of Judge Strand's order is overruled.

### 2. *Discovery of information supporting Texas search warrant*

Under Federal Rule of Criminal Procedure 16, the prosecution must provide, among other things: "certain statements made by the defendant; the defendant's criminal record; access to certain physical evidence; and reports related to expert, scientific, and medical evidence." *United States v. Tucker*, 249 F.R.D. 58, 61 (S.D.N.Y. 2008). In addition, Rule 16 requires disclosure of all "item[s] material to preparing the defense." FED. R. CRIM. P. 16(a)(1)(E)(i).

For purposes of a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), for failure to disclose evidence, the Eighth Circuit Court of Appeals has held that "[e]vidence is not material simply because it would have 'help [ed] a defendant prepare for trial.'" *United States v. Spencer*, 753 F.3d 746, 748 (8th Cir. 2014) (quoting *United States v. Aleman*, 548 F.3d 1158, 1164 (8th Cir. 2008) (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). Rather, "'[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Ellefsen*, 655 F.3d 769, 778 (8th Cir. 2011) (quoting

*United States v. Ladoucer*, 573 F.3d 628, 636 (8th Cir. 2009) (quoting in turn *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)). "A 'reasonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Rojas has not made a showing that the information supporting the Texas search warrant is material to his defense. Instead, Rojas asserts in his brief in support of his objection that "[t]here may be exculpatory evidence contained in the Texas file, or evidence which can be used for impeachment, which can undermine confidence in the proceeding." Defendant's Br. at 5. However, the prosecution represented at the evidentiary hearing that authorities in Texas had not informed the prosecution of the existence of any exculpatory materials. The prosecution represents, in its brief, that following the evidentiary hearing, it made a direct inquiry of both the Secret Service Agent in Texas and the United States Attorney's Office in McAllen, Texas, about the existence of exculpatory materials in the Texas case file. The prosecution further represents that, after these inquiries, "there is no known *Brady* material or any otherwise exculpatory information relating to this defendant." Prosecution's Br. at 4. On this record, I have no difficulty concluding that Judge Strand's decision denying disclosure of the information supporting the Texas search warrant is not clearly erroneous or contrary to law. Accordingly, Rojas's objection to this portion of Judge Strand's order is overruled.

### III.   CONCLUSION

For the reasons discussed above, Judge Strand's order denying Rojas's motion to compel is not clearly erroneous or contrary to law and Rojas's objections to this ruling are overruled. Therefore, Judge Strand's order denying Rojas's motion to compel is affirmed.

**IT IS SO ORDERED**.

**DATED** this 8th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA