# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YOIRLAN TOME ROJAS,<br><br>Defendants | No. CR 14-4015-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION IN LIMINE**<br><br>***FILED UNDER SEAL*** |

_____

This case is before me on defendant Yoirlan Tome Rojas's October 6, 2014, Motion In Limine (docket no. 102). The prosecution filed no timely response to the Motion.[1] In his Motion, the defendant seeks an order excluding any evidence of or any statements made to law enforcement concerning his alleged use of false identity documents to work for Tyson, on the ground that such evidence relates to uncharged conduct and is inadmissible as prior bad acts evidence under Rule 404 and unfairly prejudicial under Rule 403 of the Federal Rules of Evidence. I agree.

First, I recognize that "[w]here the extrinsic act is extremely similar to the crime at issue, evidence of the act will usually be rendered irrelevant only by 'an enormous lapse of time.'" *United States v. Thomas*, 593 F.3d 752, 758 (8th Cir. 2010) (quoting *United States v. Anifowoshe*, 307 F.3d 643, 647 (7th Cir. 2002), and citing *United States*

---

[1] Pursuant to the Order Setting Trial In A Criminal Case (docket no. 11), as amended, any resistance to a motion in limine was due "within **7 days** after the filing of the motion, but in any event, at **least 4 days** before the trial." Order at 3 (emphasis in the original). The prosecution's resistance is overdue either way the deadline is calculated.

*v. Drew*, 894 F.2d 965, 970 (8th Cir.), *cert. denied*, 494 U.S. 1089 (1990), as referring to such crimes as "signature crimes"). Nevertheless, evidence that Rojas used false identity documents to work for Tyson is not "extremely similar" to the crimes charged in this case, *id.*, "using counterfeit credit cards," in violation of 18 U.S.C. § 1029(a)(1); "possession of fifteen or more counterfeit credit cards," in violation of 18 U.S.C. § 1029(a)(3); "money laundering," in violation of 18 U.S.C. § 1956(a)(1), by using counterfeit credit cards to purchase gift cards; or "identity theft," in violation of 18 U.S.C. § 1028A(a)(1). The context and purpose of any use of false identification documents in the uncharged bad acts is quite different from the context and purpose of such conduct in the charged offenses.

Even assuming that the uncharged bad acts shed some light on the charged offenses, for a permissible purpose under Rule 404(b), or that it is "intrinsic" evidence, I find that, as is often the case, the determinative factor for admissibility pursuant to Rule 404(b) (and Rule 403) is the balancing of probative value against potential prejudice. *United States v. Gant*, 721 F.3d 505, 509 (8th Cir. 2013) (listing factors relevant to the admissibility of "bad acts" evidence pursuant to Rule 404(b), including the balancing of probative value against potential prejudice); *see also United States v. Jefferson*, 725 F.3d 829, 836 (8th Cir. 2013) (noting that Rule 404(b) affords the district courts "substantial discretion" in determining the admissibility of "bad acts" evidence); *United States v. Chaika*, 695 F.3d 741, 744 (8th Cir. 2012) ("'The weighing of probative value against prejudicial effect is committed to the sound discretion of the trial court.'" (quoting *United States v. Folley*, 683 F.2d 273, 278 (8th Cir. 1982)). Evidence of Rojas's use of false identification in other circumstances and for other purposes is of relatively little probative value to his guilt on the charged offenses. Furthermore, it would be quite prejudicial, because it might invite the jurors to decide his guilt or innocence on the charged offenses on the improper, emotional basis of his purported propensity to engage in the use of false identification, rather than on the basis of evidence demonstrating his guilt on the charged offenses. *See United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011)

2

("'Whether there was unfair prejudice depends on whether there was an undue tendency to suggest decision on an improper basis.'" (quoting *United States v. Farrington*, 499 F.3d 854, 859 (8th Cir. 2007) (quotations omitted)); FED. R. EVID. 403, Advisory Committee Notes (explaining that a decision on an "improper basis" is "commonly, though not necessarily, an emotional one."); *see also United States v. Jiminez*, 487 F.3d 1140, 1145 (8th Cir. 2007) (quoting the notes to Rule 403). Introduction of evidence of other instances of use of false identification could also devolve into a "mini-trial" that might distract and mislead the jurors about the relevant issues in this case. FED. R. EVID. 403 (relevant evidence may also be excluded because of its tendency to confuse the issues, mislead the jury, or cause undue delay and waste of time).

THEREFORE, defendant Yoirlan Tome Rojas's October 6, 2014, Motion In Limine (docket no. 102) is **granted**, and the prosecution is precluded from introducing in its case-in-chief any evidence of or any statements made to law enforcement concerning his alleged use of false identity documents to work for Tyson. Such evidence will only be admissible, for impeachment or rebuttal purposes, if defendant Rojas somehow "opens the door" to it.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 15th day of October, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA